**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50526 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00595-RHW-1 |
| v. | |
| REGGIE ANTHONY WINSTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District
Judge.[**]

Defendant Reggie Anthony Winston appeals from the district court's

decision revoking his probation and sentencing him to a term of two months in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for Northern Illinois, Chicago, sitting by designation.

custody and thirty-four months of supervised release.  We have jurisdiction

pursuant to 28 U.S.C. § 1291 and reverse.

Winston contends that the district court's admission of hearsay statements at

the revocation hearing violated his due process rights because his interest in

confrontation outweighed the government's claim of good cause for denying

confrontation.  We agree.  The hearsay statements provided the primary basis for

the district court's finding that Winston had violated his probation by threatening a

worker at the residential re-entry center ("RRC").  *See United States v. Comito*,

177 F.3d 1166, 1172 & n.9 (9th Cir. 1999) (declining to give significant weight to

corroborative evidence when the Court's "review of the record shows that, in fact,

the additional evidence [wa]s not particularly persuasive").  Winston lacked any

other meaningful opportunity to refute the evidence.  On the other side of the

balance, the government offered no justification for its failure to present the

declarant's testimony and the hearsay statements bore no indicia of reliability.  *See

id.* at 1171 (recognizing that "[u]nsworn verbal allegations are, in general, the least

reliable type of hearsay").  Although the government says the violation was the

failure to complete the program, that violation was not voluntary but the result of a

decision by the program.  Winston's wrongful act was the alleged threat to the

RRC worker.

We cannot say that any error was harmless, *see United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008), because the improperly admitted hearsay was the basis for one of the two violations upon which the district court based its sentence, the other being the use of marijuana. Both the government and the probation officer emphasized the importance of the threat violation to the district court. We therefore **REVERSE** the judgment of the district court and **REMAND** for resentencing on the marijuana violation alone or for a new revocation hearing consistent with this disposition.